SARAH T. CARPENTER, TRUSTEE v. FRANK BUTTRICK, ASSIGNEE.

*Foreclosure—Joint or individual use.*

A church trustee gave his note secured by a mortgage on the property of the church society to raise money which he used in his own business. There was evidence tending to show that the other trustees consented to the mortgage on his assurance that he would pay off certain debts of the society. He aided the society largely and probably fulfilled his promise. He afterwards gave as additional security a mortgage on other property and upon this a foreclosure bill against his assignee in bankruptcy was sustained, as the proof tended to show that the money paid by him to the church was by way of donations, and that the original mortgage was given to raise money for him exclusively and not in part for the benefit of the church society.

Appeal from Monroe. Submitted October 15. Decided October 21.

FORECLOSURE. Defendant appeals.

*Crofoot & Kudner* for complainant.

*Romeyn & Romeyn* for defendant.

COOLEY, J. Questions of fact alone are presented by this record. We find the facts to be substantially the following:

In 1873 Caleb Ives, residing in Monroe and being a trustee of the Monroe Baptist Society, expressed to some friends in the society a desire to make a loan of money. He had been a large donor to the society in the erection of a church building, and expected to continue to be. The society had need at that time of some two or three thousand dollars, and Mr. Ives said to one or more of the members that if he could obtain the $5,000 he wanted, he could make enough with it to enable him to give the society the assistance it needed. It

was found that a Mrs. Reynolds, a member of the society, had the money which she was willing to loan, and an arrangement was made by which it was agreed that it should be loaned to Ives, he giving therefor his note secured by a mortgage of the property of the church society, and by the personal guaranty of the co-trustees of Ives. The testimony on the part of the complainant tends to show that the inducement to the trustees to make this arrangement was the assurance of Mr. Ives that if he effected the loan he would pay off certain debts of the society amounting to near three thousand dollars. The money when obtained by him was used in his business. He continued thereafter to assist the society liberally, and probably to the full extent of his assurances.

In May, 1876, Mrs. Reynolds expressed a desire for other security than she then had, and Mr. Ives consented to give and did give the mortgage now in suit. The amount is $3,000, and it was given for so much of the original debt. In the mortgage and the accompanying bond it was provided that the sum, if paid, should be endorsed on the $5,000 note. Mr. Ives becoming seriously embarrassed not long after, the church society paid Mrs. Reynolds the amount of her debt, took an assignment of the $3,000 bond and mortgage to complainant as trustee for the society, and the complainant proceeded to foreclose. Ives in the meantime had gone into bankruptcy, and his assignee in bankruptcy is the defendant.

The case turns upon the question whether the bond and mortgage of $5,000 given by Ives to Mrs. Reynolds was given to raise money for Ives exclusively, or on the other hand in part for his benefit and in part for the benefit of the church society. Complainant maintains the first position, and defendant the second. We think the proofs sustain the the theory of the complainant, and that such moneys as from time to time were paid by Ives to or for the use of the church society were

donations. It is quite unnecessary to give the reasons for this conclusion, but it is proper to say that the direct evidence nearly all tends to support it.

The decree must be affirmed with costs.

The other Justices concurred.